UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JEFFREY ALAN NICOLL,                                        Civil No. 11-2065 (DWF/JSM)

      Plaintiff,

v.                                                         **REPORT AND RECOMMENDATION**

TOM ROY, Commissioner of Corrections,

      Defendant.

Plaintiff, a Minnesota prison inmate, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. The case has been assigned to the undersigned Magistrate Judge of the District Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

---

[1] Plaintiff did not pay the $350 filing fee for this action when he filed his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 4.) Plaintiff's IFP application was found to be deficient, and he was therefore directed to file an amended IFP application, and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). (See Order dated August 1, 2011; [Docket No. 5].) Plaintiff subsequently filed an amended IFP application, (Docket No. 6), but he still has not paid any initial partial filing fee. It appears from Plaintiff's new IFP application that he may be unable to pay even the initial partial filing fee required by § 1915(b)(1). Therefore, the Court finds, at least for now, that Plaintiff has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

## I.      BACKGROUND

Plaintiff alleges that in February 2011, the Minnesota Department of Corrections, ("DOC"), revoked his supervised release without just cause, and forced him to return to prison.  He claims that the DOC violated his constitutional right to due process during the course of the revocation process, and during course of his subsequent imprisonment.

Plaintiff contends that:

(I) the conditions of his supervised release were improper and not consistent with his sentence;

(ii) the DOC did not have valid grounds for attempting to revoke his supervised release;

(iii) he was not properly notified about the revocation hearing;

(iv) the revocation hearing was not conducted by an impartial hearing officer;

(v) the DOC did not use the proper criteria to determine (a) whether his supervised release should be revoked, and (b) how much additional time he should spend in prison;

(vi) the DOC wrongly concluded that he should be returned to prison for violating the conditions of his supervised release;

(vii) the DOC failed to conduct a further hearing, identified as an "End of Confinement Review Hearing," which should have been conducted after he was returned to prison; and

(viii) the DOC did not follow applicable state regulations governing the conditions of supervised release, and the revocation of supervised release.

Based on this list of grievances, Plaintiff is attempting to sue Defendant Tom Roy, the Commissioner of the DOC, for violating his federal constitutional rights.  Plaintiff is

seeking a judgment against Defendant Roy for "no less than" $10,000,000.00 in compensatory damages, and "no less than" $10,000,000.00 in punitive damages.

## II.  DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a government employee, his pleading must be screened pursuant to 28 U.S.C. § 1915A.  That statute requires federal courts to review every prisoner complaint brought against governmental agents or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The court must determine which aspects of the complaint are actionable and should be allowed to proceed.  To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed.  28 U.S.C. § 1915A(b)(1).  In this case, the Court finds that Plaintiff has failed to state any actionable claim for relief against the sole named Defendant, DOC Commissioner Tom Roy.

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:  the complaint must allege facts, which if true, state a claim as a matter of law."  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).  See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution.  Madewell v.

Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of prisoner's civil rights claims against prison officials, because his complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant personally did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

Plaintiff's current pleading fails to state any actionable § 1983 claim against the only named Defendant, Tom Roy, because it does not contain any factual allegations describing anything that Defendant Roy purportedly did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights. Indeed, nothing in the complaint suggests that Defendant Roy had any personal involvement in any of the matters described in the complaint. Therefore, Plaintiff's complaint plainly fails to state any actionable claim for relief against Defendant Roy.[2]

The Court further notes that Plaintiff's complaint does not specifically indicate whether he is attempting to sue Defendant Roy in his official capacity, or his individual

---

[2] It appears that Plaintiff might be seeking to hold Defendant Roy vicariously liable for some allegedly wrongful act or omission by one or more of his subordinates. Such a claim, however, would not be actionable under 42 U.S.C. § 1983, because governmental officials and entities cannot be held liable under the doctrine of respondeat superior in civil rights cases. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

capacity.  Our Court of Appeals has repeatedly held that if a plaintiff in a § 1983 case does not expressly state that a defendant is being sued in his or her individual capacity, then the plaintiff's claims are deemed to be brought against the defendant in his or her official capacity.  As explained by the Court of Appeals, "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."  Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999).  See also Artis v. Francis Howell North Band Booster Ass'n., Inc., 161 F.3d 1178, 1182 (8th Cir. 1998) ("[i]f the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); Andrus ex rel. Andrus v. Arkansas, 197 F.3d 953, 955 (8th Cir. 1999) ("if a complaint is silent, or only hints at the capacity in which a state officer is sued for monetary damages, the complaint should be interpreted as an official-capacity claim....[;] [i]n actions against officers, specific pleading of individual capacity is required to put public officials on notice that they will be exposed to personal liability") (citing Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995), and Nix v. Norman, 879 F.2d 429, 431 (8th Cir.1989)).  Because Plaintiff has not expressly alleged that Defendant Roy is being sued in his individual capacity, the Court must find, based on the well-established Eighth Circuit caselaw cited above, that Defendant is being sued only in his official capacity.

A § 1983 action brought against a government official in his or her official capacity is, in effect, a suit against the agency or entity that employs that person.  Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("[o]fficial capacity suits... 'generally represent only another way of pleading an action against an entity of which an officer is an agent'"),

quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55 (1978).

"As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  Kentucky v. Graham, 473 U.S. at 166.  For this reason, official capacity suits brought against agents or employees of a state are considered to be actions against the state itself.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.... [and] [a]s such, it is no different from a suit against the State itself") (citation omitted).

Because official-capacity suits against state officials, such as Defendant Roy, are treated as actions against the state itself, such actions are subject to the restrictions of the Eleventh Amendment.  Under the Eleventh Amendment, states are immune from suits brought against them in federal court, unless the state's immunity has been waived or overridden by Congress.  Id. at 66.  The Supreme Court has determined that Eleventh Amendment immunity is fully effective in § 1983 actions.  Id. ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity").  It follows that official-capacity suits against state officials, such as the one now before this Court, are barred by the Eleventh Amendment -- with one exception.  Official capacity suits for prospective relief can be brought against state officials.  Hopkins v. Saunders, 199 F.3d 968, 977 (8th Cir. 1999) ("Eleventh Amendment protects a state official sued in his official capacity from all claims except for certain forms of prospective equitable relief"), cert. denied, 531 U.S. 873 (2000); Andrus, 197 F.3d at 955 ("Eleventh Amendment does not bar official-capacity claims for injunctive relief against state officials"); see also Will, 491 U.S.

at 58, n. 10 ("a state official in his or her official capacity, when sued for injunctive relief, would be a person [who could be sued] under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State'") (quoting Kentucky v. Graham, 473 U.S. at 167, n. 14); Nix, 879 F.2d at 432 ("[a] state agent... may be sued in his official capacity if the plaintiff merely seeks injunctive or prospective relief for a legally cognizable claim").

In this case, however, Plaintiff has not requested any equitable relief; he is seeking only damages. Therefore, Plaintiff's official capacity claim against Defendant Roy, which is treated as a claim against the State of Minnesota, is barred by the Eleventh Amendment. Andrus, 197 F.3d at 955 ("[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment"); Arizonans for Official English v. Arizona, 520 U.S. 43, 69, n. 24 (1997) ("State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983"). For this additional reason, Plaintiff has failed to state an actionable claim against Defendant Roy.

## III.    CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's current complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The Court will also recommend that Plaintiff's IFP application, (see fn. 1, supra), be denied, because the complaint fails to state an actionable claim. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid

balance of the $350 filing fee.[3] Plaintiff has not yet paid any fee in this matter, so he still owes the full $350. Prison officials will have to deduct that amount from Plaintiff's trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).[4] The Court will further recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.      Plaintiff's application for leave to proceed in forma pauperis, (Docket Nos. 4 and 6), be **DENIED**;

2.      This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3.      Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

---

[3] Under the Prison Litigation Reform Act, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

[4] Plaintiff has indicated that he expects to be released from prison in the near future, and thus, as a practical matter, the fee payment provisions of § 1915(b)(2) may have no real significance at this time. However, if Plaintiff ever returns to prison, by violating the terms of supervised release or committing some new crime, § 1915(b)(2) might then become applicable.

4.      The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated:      October 4, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 19, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.